EDWARD W. SEWALL *v.* CELESTE DUPLESSIS.

Builders who contract with tenants for alterations or repairs of the premises leased, have no lien or privilege on the premises. There is no privity between the builder and the owner.

Art. 2697 of the Civ. Code, which provides that a lessee may remove the improvements and additions he has made to the thing let, provided he leave it in the state in which he received it, cannot be extended by implication to builders who contract with such lessees. Such contractors must be considered as having done the work on the personal credit of the lessee ; and they have no right to remove the materials used in such repairs and improvements, on the ground that they have not been paid for.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. BULLARD, J.  The plaintiff represents that, at the instance and request of Edward Duplessis, the lessee of the defendant, he made various buildings and improvements on the lot of ground owned and now occupied by her in Bourbon street, and particularly that he put two additional stories on the back buildings, and re-slated the roof; and that he built a gallery the whole length of the main building, and repaired the yard, as will appear by the written contract.  He represents that the value of the work and materials was several thousand dollars, and that the enhanced value of the property was also several thousand dollars.  That there is due to him a balance of $1287 56, which Edward Duplessis has neglected and refused to pay, and that he has a right to demand payment of the defendant, or to have the work ·done by him demolished, and the materials sold to satisfy his demand. He prays for judgment accordingly.

The evidence shows that the work was done, and that the property was benefited by it.  It is admitted that, for the balance claimed, Edward Duplessis gave notes drawn by himself, and endorsed by Clark, which were protested for non-payment.

The Commercial Court being of opinion, that the right given to tenants or lessees by art. 2697 of the Code, of removing improvements and additions made by them, provided they leave the property in the state in which they received it, could not by implication be extended to undertakers, gave judgment for the defendant; and the plaintiff has appealed.

*Benjamin*, for the appellant.

1. The judgment of the court below is erroneous in refusing to plaintiff the right to remove from defendant's property the materials used in improving it, on condition of his leaving it in the same state as when leased. This case is altogether different from that of *Hoffman* v. *Laurans* referred to by the judge *a quo*. Here the workman claims nothing from the owner of the property, demands no judgment against her, but merely prays that she be not allowed to enrich herself at his expense ; that he be permitted to take away his own materials, for which he has not been paid. The defendant insists on keeping them without paying. *She* is before the court *causa lucri captandi*, *he* is before the court *causa damni avertendi ;* and even if the case were doubtful, the court should give him a judgment.

2. The plaintiff does not, as in Hoffman's case, rely on any fanciful analogy between lessees and usufructuaries, for the purpose of asserting a right conceded to the latter but denied to the former. He relies on the right given by law to the lessee directly. See art. 2697, Civ. Code. In France, the question now before the court has been adjudged in favor of the defendant, and the adjudication put expressly on the ground that the French Code did not give to the lessee the right which our Code has conferred by art. 2697. See the case of *Martin* v. *Califfet*, 19 Sirey, 414. Our legislature have, by this article, expressly changed the French law in this particular, and the Code of Louisiana gives the right we claim, not only in the art. 2697, but by art. 500, where the general rule is laid down in unequivocal terms.

No counsel appeared for the defendant.

BULLARD, J. It is difficult to distinguish this case in principle from that of *Hoffman* v. *Laurans*, 18 La. 70, in which we held that builders who contract with tenants for the repair and alteration of the premises leased, have no lien or privilege on the property under lease, there being no privity between the builder and the owner of the premises. The plaintiff's counsel endeavors to make a distinction, by insisting that in the present case the plaintiff claims nothing from the owner, demands no judgment against her, but merely prays that she may not be permitted to enrich herself at his expense, and that he may be permitted to take away

his own materials for which he has not been paid. The right to take away materials must depend upon some lien or privilege *in rem*, conferred by contract either express or implied. If the defendant be bound to submit to such a removal, the obligation to permit it must be the correlative of a corresponding right on the part of the builder to take away the materials, which right can have no legitimate source but in positive law, or the consent of the defendant.

The law certainly gives no such right expressly; if it did, it would be essentially a lien or privilege. Will it be said that the defendant's consent results from the fact that she is enjoying the benefit of the plaintiff's labor; to this it may be answered, *non constat* but that she has already paid her tenant, on whose credit the improvements were made, or that the making of them was not one of the conditions of the lease.

But it is manifestly impossible for the plaintiff to exercise the right of taking away the materials not paid for, and leave the premises in their former condition. About three-fourths of the price of the materials and workmanship have already been paid; that is to say, three-fourths of every brick, and plank, and slate have been paid for. How is it possible to separate them so that the builder may proceed without taking a part which he does not even pretend a right to take, and how can the buildings be reinstated as they existed before, and who is to judge of the matter?

We concur with the court below in the opinion, that the privilege given the lessee by article 2697 of the Code, ought not to be extended by implication; and that undertakers, who do work for tenants or lessees, must be considered as doing it upon their personal credit.

*Judgment affirmed.*